DYK, Circuit Judge,
concurring.
I agree that the majority has reached the correct result and join the majority, but I think additional explanation is useful because the regulation is not immediately clear on its face. The statute provides that only an “injury” or “disease” that is service-connected is compensable. 38 U.S.C. §§ 1110, 1131. These terms are not defined in the statute, but the Department of Veterans Affairs regulations defining “injury” and “disease” are entitled to Chevron deference. See Terry v. Principi, 340 F.3d 1378,1382 (Fed.Cir.2003). Those regulations state that personality disorders are not injuries or diseases within the meaning of the statute. See 38 C.F.R. § 3.303(c) (“[P]ersonality disorders and mental deficiency as such are not diseases or injuries within the meaning of applicable legislation.”); id. § 4.9 (“[Personality disorder and mental deficiency are not diseases or injuries in the meaning of applicable legislation for disability compensation purposes.”); id. § 4.127 (“Mental retardation and personality disorders are not diseases or injuries for compensation purposes.”).
The first question is whether the regulation at issue, 38 C.F.R. § 3.303(c), defines “personality disorder.” I think it does. The regulation provides, in relevant part:
In the field of mental disorders, personality disorders which are characterized by developmental defects or pathological trends in the personality structure manifested by a lifelong pattern of action or behavior, chronic psychoneurosis of long duration or other psychiatric symptomatology shown to have existed prior to service with the same manifestations during service, which were the basis of the service diagnosis, will be accepted as showing preservice origin.
38 C.F.R. § 3.303(c) (emphasis added). The most natural reading of this regulation is that a personality disorder is a disorder “characterized by developmental defects or pathological trends in the personality structure manifested by a lifelong pattern of action or behavior.” Id. Thus, in theory, if a disorder did not exist before service, it would not fall into the category of a personality disorder, which requires a “lifelong pattern.”
However, I do not read the regulation as applying the presumption of soundness or aggravation to personality disorders or as requiring proof of preservice origin or no aggravation, but only to require such a showing with respect to “chronic psychoneurosis of long duration or other psychiatric symptomatology.” Id. In other words, the clause “shown to have existed prior to service with the same manifestations during service” modifies only “chronic psyehoneurosis of long duration or other psychiatric symptomatology,” which — unlike personality disorders — may be compensable if they are shown not to have existed prior to service. Id. While the regulation then appears to state that all the listed items “will be accepted as show *1304 ing preservice origin,” that means merely that all such disorders are non-compensable. Id. Thus I agree that the majority here is correct in holding that the presumption of soundness does not apply to personality disorders.